Citizens Loan Trust, by W. F. Brandenburg and L. T. King, Trustees, Appellee, v. Olga A. Dahlin et al., Appellants.

Gen. No. 9,788.

Heard in this court at the May term, 1942. Opinion filed September 3, 1942. Rehearing denied October 6, 1942.

RYAN & HOOD, of Rockford, for appellants.

WILBUR E. JOHNSON, of Rockford, for appellee.

MR. PRESIDING JUSTICE HUFFMAN delivered the opinion of the court.

Olga A. Dahlin and John A. Dahlin were engaged in selling washing machines and other household electrical appliances, in the city of Rockford. The Citizens Discount Company was a finance company located in the city of Aurora. This company effected a change in its organization, and since such time, operates under the name of Citizens Loan Trust. Either of these organizations will hereafter be referred to as the finance company.

The operation of the business of appellants was characteristic of such enterprises. The merchandise

was sold on conditional sales contracts. It was the custom of appellants to discount these contracts with the finance company. The finance company upon discounting the paper, would reserve 10 per cent of the amount due thereon, as a reserve account, and advance to appellants the remaining balance. Appellants were required to indorse all such paper with full responsibility for its payment.

The difference between the parties to this suit arose about June 1930. Collections were becoming very difficult, and in many instances, impossible. Much time and effort was required in the attempt to make them. Repossessions and resales were costly. This gave rise to the finance company shifting the burden to the dealer, and the dealer making such collections at a time when his business was disintegrating. The usual result ensued. Appellants used whatever cash was available to keep their business going. The auditor of the finance company, in examining appellants' books, discovered they had collected $3,150, on contracts previously negotiated to appellee, had failed to remit the money, and were unable to make settlement thereof.

The finance company in order to secure itself, took a chattel mortgage from appellants upon their motor vehicles, the office equipment connected with their place of business, and a second mortgage on real estate located in Rockford. A first mortgage on the real estate was held by the Swedish Building and Loan Association of Rockford.

Appellants in December 1930, filed a voluntary petition in bankruptcy. It appears, however, that no trustee was ever appointed, and no discharge was ever made.

Appellee brought this suit to foreclose its mortgage against the premises. The mortgage is alleged to be subject to that held by the Swedish Building and Loan Association. Appellants filed answer and counterclaim. In the counterclaim, they set up there had never

been an accounting with respect to the 10 per cent reserve fund, nor any credits allowed pursuant to the personal property that was taken by appellee under the chattel mortgage. Appellee filed answer to the counterclaim, alleging that appellants had received credit for all those items, and denied that any balance remained due.

The court granted foreclosure pursuant to complaint. Appellants prosecute this appeal from the decree of the trial court, urging as the ground for reversal, the refusal of the court to grant them any relief under their counterclaim. Appellants offered no proof to sustain their counterclaim. They presented no witness, and the hearing ended at the close of appellee's evidence. After the case was tried, appellants later came in with a motion for leave to re-argue the case. This motion merely set up the same claims as appellants advanced in their counterclaim. The court denied the motion to re-argue the case. We do not see wherein the court erred in such regard. It was incumbent upon appellants to take proper steps to bring evidence forward in support of their counterclaim. The pleadings in no wise admit such credits, but on the contrary, deny the existence of same, and allege that appellants had received full benefit thereof. This presented an issue of fact. There was nothing before the court upon which he could determine such fact, or the equity thereof. Certain conversation took place between the trial court and attorneys for appellants, with respect to their bankruptcy proceedings, and the effect such proceedings would have upon such credits, but this did not occur upon any proof being offered by appellants.

In the state of the record, the decree will be affirmed.

*Decree affirmed.*

Dove, J., dissents.